# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES KOONTZ, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:13-CV-1349-TLS |
| TOWN OF MIDDLEBURY, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On July 2, 2015, the Plaintiff filed a pro se Amended Complaint [ECF No. 80] against his former employer, the Town of Middlebury, and six individual defendants, alleging claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. This matter is now before the Court on a Motion to Dismiss [ECF No. 81] filed by Defendants Gary O'Dell, Jon Ottinger, Mick Reese, Mark Salee, and Steve Streeter; a Motion to Dismiss [ECF No. 83] filed by Defendant Bradley Clark; and a Partial Motion to Dismiss [ECF No. 89] filed by Defendant Town of Middlebury. Also pending is a Petition to appoint counsel [ECF No. 90] filed by the Plaintiff.

## PROCEDURAL BACKGROUND

The Plaintiff originally filed this action, pro se, on December 10, 2013 [ECF No. 1]. However, on February 21, 2014, Attorney Ines Murphy filed a notice of appearance [ECF No. 5] as counsel for the Plaintiff. On June 25, 2014, the Plaintiff, through counsel, filed a Motion for an Extension of Time to Amend the Complaint [ECF No. 36], which was granted by the Magistrate Judge on July 9, 2014 [ECF No. 37]. Subsequent to the Magistrate Judge's

Order—which gave the Plaintiff until July 11, 2014, to file an amended complaint without seeking leave of the Court—the Plaintiff did not file either an amended complaint or a motion seeking leave of the Court to file an amended complaint. The parties then proceeded to file a number of motions and other related submissions, culminating in Attorney Murphy's filing of a Motion Requesting Leave to Withdraw Appearance [ECF No. 74] on March 30, 2015, which the Court granted on April 2, 2015 [ECF No. 75].[1] After the Plaintiff filed a Notice [ECF No. 76] on May 1, 2015, indicating that he was proceeding pro se, the Court granted the Plaintiff up to and including July 6, 2015, to file an amended complaint. The Plaintiff filed an Amended Complaint [ECF No. 80] on July 2, 2015.

On July 17, 2015, Defendants O'Dell, Ottinger, Reese, Salee, and Streeter filed a Motion to Dismiss [ECF No. 81], along with a Memorandum in Support of the Motion [ECF No. 82]; and on July 22, 2015, Defendant Clark filed a Motion to Dismiss [ECF No. 83], along with a Memorandum in Support of the Motion [ECF No. 84]. On August 19, 2015, the Plaintiff filed a Response [ECF No. 85] to both Motions [ECF Nos. 81, 83], to which the Defendants filed separate replies on September 8, 2015 [ECF Nos. 87–88]. On September 8, 2015, Defendant Town of Middlebury filed an Answer [ECF No. 86] to the Plaintiff's Amended Complaint, along with a Partial Motion to Dismiss [ECF No. 89]. The Plaintiff filed a Response [ECF No. 93] on November 6, 2015, and Defendant Town of Middlebury filed a Reply [ECF No. 94] on November 16, 2015.

---

[1]Prior to the filing of the Motion to Withdraw, the Court conducted a telephone status conference on March 27, 2015, to resolve various issues related to Attorney Murphy's ability to remain as Plaintiff's counsel, along with the motions then pending before the Court. As a result, the Court denied without prejudice the Defendants' Motions to Dismiss [ECF Nos. 39, 44, 46] and withheld a ruling on the Defendants' Motions for Sanctions [ECF Nos. 54, 57].

Finally, the Plaintiff filed a Petition to appoint counsel [ECF No. 90] on October 2, 2015, along with a Supplement to the Petition [ECF No. 92] on November 2, 2015. All pending motions are now fully briefed and ripe for ruling.

**PETITION TO APPOINT COUNSEL**

As a preliminary matter, the Plaintiff seeks court-appointed counsel because he claims he has been unable to find an attorney willing to represent him in this matter, and he feels he is "at a severe disadvantage without adequate legal counsel." (Pl.'s Pet. 1.)

In federal court, civil litigants have no constitutional or statutory right to be represented by counsel. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Although the Court may in its discretion appoint counsel under 28 U.S.C. § 1915, the Court must consider the following question when deciding to do so: "[G]iven the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). On this point, the Seventh Circuit has instructed:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Id.* at 655 (internal citations and quotation marks omitted). There are no "fixed" requirements for determining a plaintiff's competency to litigate his own case, but the court should take into

3

consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id.* "The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Applying those factors here, the Court finds that the Plaintiff is competent to litigate this case on his own. The Plaintiff does not address his educational background in his Petition or Supplement, but his filings demonstrate that he is fully literate and capable of articulating his position to the Court. To date, he has actively pursued this litigation by participating in telephone conferences set before the Court; and preparing and filing his pleadings and responses to the Defendants' pending Motions to Dismiss in a timely manner. His filings have been neatly presented and comprehensible. He demonstrates an awareness and understanding of the facts relevant to this case. Additionally, this case does not present any unusually difficult legal issues.

Although the Plaintiff would prefer to proceed with counsel, the question is not whether an attorney could present his case more effectively; if it were, the Court would be required to appoint counsel in every pro se case. *Id.* Accordingly, at this stage of the litigation, the Plaintiff's Petition to appoint counsel is denied.[2]

**MOTIONS TO DISMISS**

**A.     Factual Allegations**

Because the Plaintiff filed an Amended Complaint, the original complaint and any factual allegations contained therein are void. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46,

---

[2]The Plaintiff may renew his request as may become necessary as the case moves forward to trial.

4

49 (7th Cir. 1995) ("[I]t is well established that the amended pleading supersedes the original pleading."). However, due to the Plaintiff's pro se status, the Court is permitted to consider the factual allegations contained in the Plaintiff's responses [ECF Nos. 85, 93] to the pending Motions to Dismiss "so long as they are consistent with the allegations of the complaint." *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

Through his submissions to the Court, the Plaintiff indicates that he was employed by the Town of Middlebury Water and Sewage Department from 2007 to 2013. He alleges that during his employment, his supervisors, Defendants Clark and Streeter—then superintendent and foreman, respectively, of the Town of Middlebury Waste Water and Treatment Plant—"viewed, printed, and stored pornographic material at the workplace on a constant basis." (Pl.'s Resp. 1.)

According to the Plaintiff, in December 2011, he reported the pornography to Defendant Ottinger, a Middlebury Town Council member, who then informed Clark of the Plaintiff's report. Clark allegedly proceeded to "retaliate against [the Plaintiff] by reprimanding [him] for frivolous things . . . [and] immediately revoking long standing work related privileges that other Town employees could still take advantage of." (*Id.*) The Plaintiff claims that he was told by Clark that if he "ever said anything about what was going on there [the Plaintiff] would be fired." (Pl.'s Second Resp. 1.) The Plaintiff claims that the pornography created a "stressful, hostile sexual environment." (*Id.* at 2.)

The Plaintiff also claims that Defendant Reese—who was hired to replace Clark as Superintendant of the Waste Water and Treatment Plant—took disciplinary actions against him by forcing him to work "in a[n] unsafe manner by denying [him] personal protective equipment when needed to do [his] job"; "sen[ding out] a memo outlining how [the Plaintiff] is difficult to

5

work with" after the Plaintiff called the Occupational Safety and Health Administration (OSHA) to request an onsite inspection; and taking away "work related privileges . . . that other Town employees were still able to take advantage of." (Pl.'s Resp. 2.)

According to the Plaintiff, he reported these "acts of retaliation and hostile workplace" to Defendants Salee (Town Manager) and O'Dell (Town Council President), but was provided "no immediate relief." (*Id.* at 1–2.) The Plaintiff claims that the Middlebury Town Council then proceeded to deny his June 13, 2012, request for leave under the Family Medical Leave Act ("FMLA"), even though the Plaintiff's spouse was ill; and "took action to revise and amend the employee handbook [by] taking away FMLA leave as a benefit of employment." (Pl.'s Second Resp. 1.)

The Plaintiff says he was eventually terminated by the Town of Middlebury for "excessive absenteeism, among other things," even though he "was only absent on days [when he] needed to care for [his] spouse." (Pl.'s Resp. 2.) The real reason for his termination, says the Plaintiff, was "for not conforming to [the Town's] stereotypes for males and/or for complaining about the pornography." (Am. Compl. 2.)

**B.     Standard of Review**

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At the same time, the

6

Court must construe the Plaintiff's pro se submissions in a liberal manner. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (a plaintiff's pro se status means that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted).

**C.     Title VII Claims**

In their Motions to Dismiss, Defendants O'Dell, Ottinger, Reese, Salee, Streeter and Clark—all of whom have been sued in their individual capacity—assert that the Plaintiff's Title VII claims of discrimination should be dismissed because individual liability cannot be imposed.[3]

Indeed, Title VII only allows an aggrieved party to sue his "employer" for acts of discrimination. 42 U.S.C. § 2000e *et seq.* The Act defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). Title VII does not envision individual liability but, rather, imposes liability upon employers for the acts of their agents under a theory of respondeat superior. *Williams v. Banning*, 72 F.3d 552, 553–55 (7th Cir. 1995) (holding that a supervisor does not fall within Title VII's definition of an employer); *see also EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995).

Here, the alleged facts reveal that Clark, Reese, and Streeter were the Plaintiff's supervisors at the employing entity (i.e., the Town of Middlebury); and the remaining individual

---

[3]Defendant Town of Middlebury did not seek dismissal of the Plaintiff's Title VII claim against it.

7

defendants were members of the Middlebury Town Council, an entity that did not employ the Plaintiff. Because the only defendant that can be found liable under Title VII is the Town of Middlebury, the Plaintiff's Title VII claims against the individual defendants are dismissed.

**D.      Section 1983 Claims**

The individual defendants also argue that the Plaintiff's § 1983 claims should be dismissed for failure to state a claim.[4] To prevail on a § 1983 claim, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

Although the Plaintiff does not specify what federal rights are at issue, he is essentially asserting that the individual defendants violated the equal protection clause. As correctly noted by the individual defendants, an equal protection claim based on retaliation is not actionable under § 1983. *See Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004) ("the right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the equal protection clause"); *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989) (same); *see also Poulos v. Vill. of Lindenhurst*, No. 00 C 5603, 2002 WL 31001876, at *14 (N.D. Ill. Sept. 3, 2002) ("To the extent [the plaintiff] suffered retaliation, it was because she complained about discrimination, not because she is a woman. Thus, the retaliation does not violate the Fourteenth Amendment."). But notwithstanding, through his submissions, the Plaintiff appears to assert that he not only suffered retaliation, but also discrimination due to sex-based harassment—a cognizable claim

---

[4]Defendant Town of Middlebury did not seek dismissal of the Plaintiff's § 1983 claim against it.

under § 1983. *See Trautvetter v. Quick,* 916 F.2d 1140, 1148–49 (7th Cir. 1990) (a cause of action for sex-based harassment exists under both Title VII and § 1983); *see also Hamm v. Weyauwega Milk Prods., Inc.*, 332 F.3d 1058, 1062 (7th Cir. 2003) ("[S]exual harassment claims are not limited to situations in which an individual is harassed by someone of the opposite sex.") The Plaintiff specifically claims that the individual defendants created a hostile work environment because the Plaintiff did "not conform[] to [male] stereotypes" when he complained of pornography in the workplace. (Am. Compl. 2); *see Price Waterhouse v. Hopkins*, 490 U.S. 228, 250–252 (1989) (recognizing sex stereotyping as evidence of sex discrimination); *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1085 (7th Cir. 2000) (same).

Again, because the Plaintiff is representing himself, the Court is required to liberally construe his submissions, or impose a "less stringent standard" as compared to the submissions from litigants represented by counsel. *Hughes*, 449 U.S. at 9. Given these lessened standards, coupled with the added requirement that all factual allegations must be viewed in a light most favorable to the Plaintiff, the Court finds that the Plaintiff has pled sufficient facts to state a plausible equal protection claim. In particular, the Plaintiff has alleged that he filed complaints regarding his male supervisors' viewing, printing, and storing of pornography at the workplace; that as a result, he suffered a series of specific adverse employment actions; and that such adverse employment actions were motivated, in part, by his failure to conform to "male stereotypes." *See Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 264 (3rd Cir. 2001) (discrimination is "because of sex" where "harasser was acting to punish the victim's noncompliance with gender stereotypes"); *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 874–75 (9th Cir. 2001) (finding that persistent abuse directed at the plaintiff because of a belief

9

that the plaintiff did not act as a man should act was actionable). The Plaintiff has further alleged that his supervisors (Clark, Reese, and Streeter) and the town council members (O'Dell, Ottinger, and Salee) each had personal involvement in the creation of an alleged hostile work environment, either through their direct participation or their failure to act. *See Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) (citing *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) ("[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983.") For pleading purposes, such factual allegations—despite being somewhat cobbled together—provide the individual defendants with adequate notice as to the nature of the Plaintiff's equal protection claim.

While discovery may ultimately reveal that the individual defendants' actions (if in fact they occurred) were motivated by a factor(s) other than gender, such a determination cannot be made at this preliminary stage of the litigation. Accordingly, the individual defendants' motions to dismiss are denied as to the Plaintiff's § 1983 claims.

**E.     Other Claims (FMLA and OSHA)**

In its Partial Motion to Dismiss, Defendant Town of Middlebury seeks to dismiss any FMLA or OSHA claims that the Plaintiff may have asserted. A review of the Plaintiff's submissions, however, indicates that no such claims have been alleged. The Amended Complaint—which contains no reference to the FMLA or OSHA—expressly states that the Plaintiff's claims arise under "Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983" for discrimination. (Am. Compl. 1.) Although the Plaintiff's first response brief includes

references to the Plaintiff's alleged denial of FMLA benefits and his report of unsafe working conditions to OSHA, the Plaintiff attempts to clarify by stating in his second response brief that such issues were raised "to give factual examples of how the Town of Middlebury and [the individual defendants] worked together to deny [the Plaintiff] benefits and a safe workplace." (Pl.'s Second Resp. 1.) As such, the Court construes these submissions as raising FMLA and OSHA-related factual allegations for the sole purpose of supporting the Plaintiff's claims under Title VII and § 1983.[5]

Because the Plaintiff's submissions only raise claims under Title VII and § 1983, Defendant Town of Middlebury's Partial Motion to Dismiss is denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE the Plaintiff's Petition to appoint counsel [ECF No. 90]. The Court also GRANTS in part and DENIES in part the individual defendants' Motions to Dismiss [ECF Nos. 81, 83]. Specifically, the Court DISMISSES WITH PREJUDICE the Plaintiff's Title VII claims against the individual defendants. Lastly, because the Plaintiff does not allege claims under the FMLA or OSHA, the Defendant Town of Middlebury's Partial Motion to Dismiss [ECF No. 89] is DENIED AS MOOT. The only remaining claims in this matter are the Plaintiff's Title VII claim against the Town of Middlebury; and the Plaintiff's equal protection claim under 42 U.S.C. § 1983 against O'Dell, Ottinger, Reese, Salee, Streeter, and Clark.

---

[5]The Court adds that the Plaintiff cannot state a claim under OSHA because that statute offers him no private right of action. *Gaines v. White River Envtl. P'ship*, 66 Fed. App'x. 37, 40 (7th Cir. 2003) (citing *Am. Fed. of Gov't Emps., AFL-CIO v. Rumsfeld*, 321 F.3d 139, 144–45 (D.C. Cir. 2003); *Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1425 (7th Cir. 1992)).

SO ORDERED on December 10, 2015.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION